NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

EDGAR IVAN BUZANI, *Appellant.*

No. 1 CA-CR 15-0754
1 CA-CR 15-0755
(Consolidated)
FILED 4-6-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2013-428616-001
CR2008-144485-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

**J O H N S E N**, Judge:

**¶1**          This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Edgar Ivan Buzani's conviction of sexual assault, a Class 2 felony, and related revocation of probation.  Buzani's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Buzani was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Buzani's conviction and sentence and the related revocation of probation and sentencing.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Buzani and the victim were at a party.[1]  At some point during the night, the victim became intoxicated and fell asleep; the host of the party, accompanied by Buzani, carried her to an upstairs bedroom.  Later that night, Buzani returned to the bedroom and engaged in sexual intercourse with the victim.  The host and another witness entered the bedroom and found the victim on the bed, partially clothed, crying and bleeding from her face and ears.  A few seconds later, other party-goers reported they had just seen a man jump off the second-floor window into the backyard and run away.  At trial, the defense did not deny that Buzani had engaged in sexual intercourse with the victim and had run away after leaping through the window, but argued the victim had consented to having sex with him.  The victim testified she did not consent.

**¶3**          The jury convicted Buzani of one count of sexual assault, but acquitted him of aggravated assault and a second charge of sexual assault. At sentencing, the court found Buzani had three historical prior felony

---

[1]          On review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Buzani.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

convictions and, at the time of the current offense, was on probation for one of those prior offenses. The court imposed an aggravated sentence of 18 years of imprisonment and correctly calculated presentence incarceration credit to which Buzani was entitled. *See* Arizona Revised Statutes ("A.R.S.") section 13-1406(B) (2017) (sentencing for sexual assault offense with two or more historical prior felony convictions).[2] The court also found Buzani in violation of his probation in the earlier case, revoked probation and imposed a concurrent one-year sentence.

**¶4**     We have jurisdiction of Buzani's timely appeals pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

## DISCUSSION

**¶5**     The record reflects Buzani received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing; however, the record does not suggest a question about the voluntariness of Buzani's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

**¶6**     The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members. The court properly instructed the jury on the elements of the charges and gave the key instructions concerning burden of proof, presumption of innocence, reasonable doubt and the necessity of a unanimous verdict. The jury returned a unanimous verdict. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Buzani was convicted. Based on Buzani's sexual assault conviction, the court also did not err by revoking Buzani's probation and imposing sentence for the prior offense.

---

[2]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

**CONCLUSION**

**¶7**        We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction, the revocation of probation, and the sentences imposed.  *See Leon*, 104 Ariz. at 300.

**¶8**        After the filing of this decision, defense counsel's obligations pertaining to Buzani's representation on appeal have ended.  Defense counsel need do no more than inform Buzani of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Buzani has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Buzani has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA